PEASLEE v. PEASLEE et al.

(Superior Court of New York City, General Term.   March 6, 1893.)

MOTION TO STRIKE OUT ANSWER—RES JUDICATA.

The decision on a motion to strike out a paragraph of the answer to the original complaint, which is not appealed from, but remains in force, is conclusive of a motion to strike out a paragraph of the answer to the amended complaint, raising the same question.

Appeal from special term.

Action by Fanny M. Peaslee against Edward H. Peaslee individually and Hiram Hitchcock as executor of the last will and testament of Edmund R. Peaslee, deceased, and against both of said defendants as executors of Martha K. Peaslee, deceased.   From an order striking out a part of the answer, defendants appeal.   Affirmed.

Edmund R. Peaslee died, leaving his wife, Martha K., and two children, plaintiff and defendant Peaslee, him surviving, and a last will and testament, containing the following clause: "I give to my daughter Fanny M. Peaslee twenty thousand dollars in money, or its equivalent in stocks, as my executor may decide, and twenty thousand dollars in trust; the same to revert at her death, if without issue, equally to my wife and my son." After the wife died, this action was brought for the construction of this clause of the father's will. Defendant Peaslee answered, and, among other things, alleged that, pursuant to an order in another action, the executor of the father's estate had paid plaintiff $20,000, and that she had not invested the money as directed by the order, but had spent the whole thereof. On motion this paragraph of the answer was stricken out, the court (McADAM, J.) filing the following opinion:

"The supreme court, in directing the executor to pay to the plaintiff the first $20,000 mentioned in the will to be construed, evidently treated the interest of her brother Edward H. as a 'contingent' remainder, for it was not to vest in him unless she died 'without issue.' The event is at least dubious. It may or may not happen, and the remainder depending upon it is seemingly contingent, not vested. The provision of the judgment in that action requiring the plaintiff to securely invest the principal for those entitled thereto at her death (if she died within issue) does not militate against this view. The supreme court did not require security as a condition of obedience to the direction to pay over, and could not have properly done so under the terms of the will. Her failure to observe the direction to invest, or any violation thereof, has no relevancy whatever to the question of construction involved here, i. e., whether the plaintiff is entitled to share the second $20,000 with the brother on the same conditions as the first, (the mother being now dead.) The rule is that matter which is not material, nor the subject of proof, and cannot affect the decision of the court, is irrelevant, and should be stricken out. Woods v. Morrell, 1 Johns. Ch. 103; Bank v. Kitching, 11 Abb. Pr. 435; Kurtz v. McGuire, 5 Duer, 660. The matter objected to in the present instance falls within the practice stated, and the motion to strike out must be granted, with $10 costs."

No appeal was taken from this order. Afterwards plaintiff filed and served an amended or supplemental complaint setting forth the will of her father, and also that of her mother, which had been probated since the commencement of the action, praying for a construction of the same provision of the father's will. The answer of defendant Peaslee to the amended complaint contained an allegation similar to that stricken out of the answer to the original complaint, and the order again striking out such allegation is the subject of this appeal.

Argued before SEDGWICK, C. J., and DUGRO and GILDER-SLEEVE, JJ.

Arnoux, Ritch & Woodford, (William H. Arnoux, of counsel,) for appellants.

Daniel G. Rollins, for respondent.

PER CURIAM. The law, as declared on the former motion to strike out the paragraph similar to the one in question here, contained in the answer to the original complaint in this action, is final and conclusive between the parties hereto. The order made on that motion has not been appealed from, and stands unmodified and unrevoked. This application presents no ground or question that did not exist at the time of the former applicaton, and that was not then as fully within the defendants' knowledge as now. The motion herein was properly granted. The order appealed from must be affirmed, with $10 costs and disbursements.